IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. HAMILTON, #136 399, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-281-TMH |
| ) | [WO] |
| ALABAMA DEPT. OF ) | |
| CORRECTIONS, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Plaintiff's request for preliminary injunctive relief. *(Doc. No. 1.)* He seeks a preliminary injunction requesting that Defendants be enjoined from continuing to erroneously classify him as a sex offender. This claim forms the basis of Plaintiff's complaint. Upon consideration of Plaintiff's motion for preliminary injunction, the court concludes that the motion is due to be denied.

**I. DISCUSSION**

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to **all** prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The four prerequisites which a movant must satisfy are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits, (2) a showing that the movant will suffer irreparable injury

unless the injunction issues, (3) proof that the threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).

The court has carefully reviewed Plaintiff's request for a preliminary injunction and finds that he has failed to meet each of the prerequisites for the issuance of a preliminary injunction. While Plaintiff understandably seeks the speedy resolution of the challenged rights violations, his civil action will provide him adequate redress for such claims. The court, therefore, concludes that Plaintiff's request for a preliminary injunction should be denied.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's motion for a preliminary injunction (*Doc. No. 1*) be DENIED;

2.  This case be referred back to the undersigned for additional proceedings relative to the claims presented in Plaintiff's complaint.

It is further

ORDERED that on or before **July 5, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of June 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE