IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. HAMILTON, #136 399, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-281-WHA |
| | ) [WO] |
| CASSANDRA CONWAY, *et al.,* | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama, complains Defendants are violating his Eighth and Fourteenth Amendment rights and his due process rights under state law by classifying him as a sex offender when he has never been convicted of a sexual offense. Named as defendants are Cassandra Conway, Director of Classification for the Alabama Department of Corrections ["ADOC"], and Carolyn Golson, former Director of the Classification Division for the ADOC. Plaintiff requests trial by jury, declaratory relief, removal of his classification as a sex offender, damages for the alleged violations of his constitutional rights, and costs. Doc. #s 1, 19.

Defendants filed answers, special reports, and supporting evidentiary materials addressing Plaintiff's claims for relief.[1] Doc. #s 23, 27, 28, 37, 38. Upon receipt of Defendants' special

---

[1] Defendants expressly adopt and incorporate the exhibits attached to Defendant Conway's August 13, 2013, filing (Doc. # 23), in support of their special reports. *See* Doc. # 28 at 2, Doc. # 38 at 2. For purposes of resolving the issues before it, the court considers the Exhibits submitted with Document Number 23 (Exhs. 1-7) as part of the record in this case.

1

reports, the court issued an order directing Plaintiff to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioning Plaintiff that "the court may at any time thereafter and without notice to the parties (1) treat the special reports and any supporting evidentiary materials as motions for summary judgment." Doc. # 29, at 2, Doc. # 39 at 2. Plaintiff responded to Defendants' reports, *see* Doc. #s 34, 42, 43, but his responses do not demonstrate there is any genuine issue of material fact. The court will treat Defendants' reports as motions for summary judgment, and concludes these motions are due to be resolved in favor of Defendants.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593−594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

## II. DISCUSSION

### A. Res Judicata

Defendants move for summary judgment on the ground, among others, that Plaintiff's complaint is barred by the doctrine of *res judicata*. Under Alabama law, which the court applies because Defendants rely on the decision of an Alabama state court to invoke the doctrine of r*es judicata*, a subsequent action on a previously litigated claim is barred by satisfying four elements: (1) there must have been a prior judgment on the merits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be substantial identity of the parties; and (4) both cases must involve the same causes of action. *Kizzire v. Baptist Health System, Inc.*, 441 F.3d 1306, 1308-09 (11th Cir. 2006) (*citing Equity Res. Mgmt. Inc., v. Vinson*, 723 So.2d 634, 636 (Ala. 1998)). It is critical that the same facts must substantially support both actions.

> It is well-settled that the principle test for comparing causes of action for the application of *res judicata* is whether the *primary right and duty or wrong* are the same in each action. Res judicata applies not only to the exact legal theories advanced in the prior case, but to *all legal theories and claims* arising out of the same nucleus of operative facts.... As it is sometimes stated, where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.

*Old Republic Ins. Co. v. Lanier*, 790 So.2d 922, 928-29 (Ala. 2000) (quotation marks and citations omitted) (emphasis in original).

### i. A Final Judgment

On April 5, 2012, Plaintiff filed suit against Carolyn Golson and the Alabama Department of Corrections ["ADOC"] in the Circuit Court for Montgomery County. *Hamilton v. Golson, et al.*, Case No. CV-2012-376. In that case, Plaintiff challenged his prison classification as a sex

offender. Specifically, Plaintiff claimed: 1) he was entitled to a due process hearing before the ADOC could classify him as a sex offender; 2) the ADOC could not use an out-of-state offense for indecent behavior to classify him a sex offender because such constituted no crime in the State of Alabama for the purpose of registering as a sex offender; 3) the ADOC could not just use an arrest to classify him as a sex offender and false information is in his records; and 4) the ADOC's conduct in classifying him as a sex offender was arbitrary and capricious and violated the "rule" that procedural laws or changes cannot be applied retroactively. Doc. # 23, Exh. 1.

The facts made the basis of the state civil action are identical to the facts presented to this court to support the instant complaint. On July 26, 2012, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment in which they argued Plaintiff's claims provided no basis for relief. Doc. # 23, Exh. 2. The state court granted the motion on August 24, 2012. *Id.* Exh. 3. The Alabama Court of Criminal Appeals affirmed the lower court's decision, and the Alabama Supreme Court denied Plaintiff's request for certiorari. *Id.*, Exhs. 4-7. *See also* Doc. #s 28, 38. Under Rule 41(b), ALA. R. CIV. P., "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." As reflected in the record before the court, the state court orders did not specify otherwise. Therefore, the dismissals constituted final adjudications on the merits.

### ii. Court of Competent Jurisdiction

The Circuit Court for Montgomery County, Alabama, is a court of competent jurisdiction. Under ALA. CODE §12-11-30(1) (1975), circuit courts in Alabama "shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs."2 *Id*. Consequently, the state circuit court had jurisdiction over Plaintiff's civil action and, thus, was a court of competent jurisdiction.

### iii. Identical Parties

Parties are "identical" for *res judicata* when they are the same or in privity with one another. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). Plaintiff named the ADOC and Carolyn Golson as defendants in the state court action. These defendants appear as defendants in both the previous state court case and this case.[3] In the instant case, Plaintiff also names Cassandra Conway as a defendant. In *Thompson v. SouthTrust Bank*, 961 So.2d 876, 883 (Ala. Civ. App. 2007) (internal quotation marks omitted), the court, while noting that in Alabama the term "privity" had not been uniformly defined with respect to *res judicata*, observed that it was often deemed to arise from

> (1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or

---

2  The court notes in Plaintiff's state civil action, he requested as relief an order directing removal of the "S" suffix from his AIS number, that he not be considered a sex offender, that all costs and fees be taxed against the defendants, and all other relief the court deemed just and equitable. Doc. # 23, Exh. 1.

3  Although Plaintiff named the ADOC as a defendant in the instant complaint, in accordance with the prior orders, opinions, and proceedings in this matter, the court dismissed this action against the ADOC on immunity grounds. *See* Doc. #s 14, 36.

successive relationship to the same rights of property; [or] (3) an identity of interest in the subject matter of litigation. Thus, the existence of privity has generally been resolved on an *ad hoc* basis in which the circumstances determine whether a person should be bound by or entitled to the benefits of a judgment. *Hughes v. Martin*, 533 So.2d 188, 191 (Ala. 1988).

It is clear that Defendant Conway is in privy by law with the other defendants and likewise had an identity of interest in the prior litigation. Consequently, Defendant Conway is in privity with her fellow defendants such that she may take advantage of the previous adjudication in their favor.

### iv. The Same Cause of Action

Finally, Plaintiff presents the same cause of action in both cases, *i.e.* Plaintiff's alleged improper classification as a sex offender. *Old Republic*, 790 So.2d at 928–29. It is irrelevant that Plaintiff brings his claims under § 1983 to assert constitutional violations and/or under a different theory of state law in the instant proceeding but not in his earlier state court civil action. *Id.* Thus, *res judicata* bars this action since Plaintiff's claims arise "out of the same nucleus of operative facts" and the § 1983 and state law claims are ones Plaintiff raised or could have raised in Montgomery County Circuit Court. *Old Republic*, 790 So.2d at 928–29.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment (Doc. #s 28, 38) be GRANTED;

2. This case be DISMISSED with prejudice;

3. Judgment be ENTERED in favor of Defendants;

4. Costs be taxed against Plaintiff.

It is further

ORDERED that **on or before August 22, 2016**, the parties may file objections. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.   Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 4th day of August 2016.

> /s/Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES MAGISTRATE JUDGE

9