IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID D. HAMILTON, # 136399, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-281-WHA |
| ) | (WO) |
| ) | |
| ALABAMA DEPT. OF CORRECTIONS, ) | |
| CASSANDRA CONWAY, DEWAYNE ) | |
| ESTES, & CAROLYN GOLSON, ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

This 42 U.S.C. § 1983 case is before the court on the Recommendation of the Magistrate Judge in which the Magistrate Judge recommended that defendants' motion for summary judgment be granted as barred by the doctrine of res judicata. Plaintiff has filed objections. (Doc. # 62).

Plaintiff's first objection regarding the court's application of res judicata to his complaint is that this defense does not apply to a decision by an administrative agency. The Magistrate Judge did not rely on an administrative agency decision to dismiss this action under res judicata. Rather, the Magistrate Judge relied on the fact that on April 5, 2012, Plaintiff filed suit against Carolyn Golson and the Alabama Department of Corrections ("ADOC") in the Circuit Court for Montgomery County, *Hamilton v. Golson, et al.*, wherein Plaintiff challenged his prison classification as a sex offender. The basis for the state civil action involves the same factual predicate presented to this court to support Plaintiff's § 1983 complaint. The decision of the state court regarding Plaintiff's civil action constituted a decision on the merits and operated as a final judgment. *See* Rule 41(b), ALA. R. CIV. P. ("Unless the court in its order for dismissal otherwise

specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.")

Next, plaintiff concedes that the Montgomery County Circuit Court is a court of competent jurisdiction, but appears to argue that because he had no trial or hearing regarding his civil action, res judicata does not apply. The Circuit Court for Montgomery County, Alabama, is a court of competent jurisdiction. Ala. Code § 12-11-30(1) (1975). Whether it held a hearing and/or trial on the matter before it is irrelevant for res judicata purposes.

Regarding the identity of the parties component of res judicata, plaintiff argues that defendant Conway "would not be identical without apportionment liability." This theory of tort liability is inapplicable to a determination of whether defendant Conway is in privity by law with the other defendants named in both the prior state court action and the instant complaint. Because the Magistrate Judge found that defendant Conway has an identity of interest in plaintiff's prior state court litigation, the Magistrate Judge determined that she was in privity with her fellow defendants such that she could take advantage of the previous adjudication in their favor. The court agrees.

Finally, plaintiff maintains that he did not bring the same cause of action in the state court as he presents in his § 1983 complaint. In both his state court complaint and the instant § 1983 complaint, Plaintiff challenges as erroneous and/or improper, under both state law and the Constitution, his classification as a sex offender and requests that the "S" suffix be removed from his AIS number. The claims brought by Plaintiff in this case arise out of the same "nucleus of operative facts," or same factual predicates, as alleged in the earlier state court complaint. As explained in the Recommendation:

> It is critical that the same facts must substantially support both actions.
>
> It is well-settled that the principle test for comparing causes of action for the application of res judicata is whether the primary right and duty or wrong are the same in each action. Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts . . . . As it is sometimes stated, where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.
>
> *Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928–29 (Ala. 2000) (quotation marks and citations omitted) (emphasis in original).

(Doc. # 59, p. 4). Such is the case here.

For these reasons, after conducting an independent evaluation and de novo review of the file in this case, it is hereby Ordered as follows.

1. The objections of the Plaintiff are Overruled.

2. The court adopts the Recommendation of the Magistrate Judge.

3. Defendant's motions for summary judgment (Docs # 28 and 38) are Granted and this case is Dismissed with prejudice.

4. Costs are taxed against the Plaintiff.

5. Judgment will be entered in favor of the Defendants.

Done this 23rd day of September, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE